UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>JOHNIE JAY ALFORD,<br>    Defendant. | CRIMINAL ACTION NO. 5:14-77-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter has been remanded from the Sixth Circuit for purposes of re-evaluating Defendant Johnie Jay Alford's motion under 18 U.S.C. § 3582(c)(1)(A) for compassionate release in light of *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020) and subsequent Sixth Circuit precedent. Having reconsidered Defendant's motion and for the reasons given below, the Court denies the motion (DE 152).

On January 12, 2015, Defendant pleaded guilty to conspiracy to distribute cocaine and conspiracy to distribute marijuana. (DE 15; DE 62 at 1.) This Court initially sentenced Alford to 240 months of imprisonment on February 24, 2016. (DE 62 at 1-2.) On June 25, 2019, Alford's sentence was reduced to 204 months of imprisonment by an amended judgment. (DE 137 at 1-2.) Alford's projected release date is January 21, 2029, and he is currently incarcerated at FCI Forrest City Low.

Alford previously filed a motion to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." (DE 146.) On June 22, 2020, this Court denied Alford's motion. (DE 149.) Alford again moved for compassionate release on August 21, 2020. (DE 152.) This Court again denied his motion (DE 155), and Alford appealed (DE 156). The Sixth Circuit vacated the denial of Alford's

1

motion and remanded the matter back to this Court due to a development in intervening case law. (DE 159 at 2-3.)

Alford argues that the Court should grant his motion because his age and unspecified medical conditions make him particularly susceptible to severe illness or death from COVID-19. (DE 152 at 1, 7-8.) He also maintains that he is especially at risk of contracting COVID-19 because of the conditions of his incarceration. (*Id.* at 2, 5-7.) For the following reasons, Alford's motion is denied.

I.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons ("BOP") filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . " 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834 (citation and quotation marks omitted).

Here, the government argues that Alford has not exhausted his administrative remedies because he "does not affirmatively state that he has filed a new request with the warden for compassionate release that asserts new medical information." (*See* 154 at 2.)

2

This is a proper invocation of the mandatory condition. However, the mandatory condition is met here.

While Alford has not presented any evidence that he "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," 18 U.S.C. § 3582(c)(1)(A), he meets the requirements for the alternative path to federal court. The government maintains that the BOP advised that Alford has not filed a new request for compassionate release. (DE 154 at 2.) However, to his motion, Alford attached a letter to the warden of FCI Forrest City Low requesting compassionate release due to the effects of COVID-19 on his underlying medical conditions. (DE 152-3.) Alford submitted the letter on July 15, 2020 (*id.*), and he filed the instant motion on August 21, 2020 (DE 152). Therefore, Alford waited 30 days after serving his request on the warden before filing this motion. Accordingly, the Court has authority to consider Alford's motion for compassionate release. However, as discussed below, Alford's motion fails on the merits.

## II.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has recently determined that the policy statement applies only to motions filed by the BOP and does not apply when

3

a defendant moves for compassionate release on the defendant's own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in § 1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the Section 3553(a) factors weigh in favor of release.

For purposes of this motion, the Court will assume that Alford's purported medical conditions amidst the COVID-19 pandemic in a prison setting present extraordinary and compelling circumstances that would warrant a sentence reduction. Even assuming, however, that extraordinary and compelling circumstances do exist that warrant a sentence reduction, the Court must still consider whether "the factors set forth in Section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]

(3) the kinds of sentences available;

18 U.S.C. § 3553(a)(1)-(3).

The Section 3553(a) factors also include the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and "the need to provide restitution to any victims of the offense." § 3553(a)(4)-(7).

This Court previously considered these factors in sentencing Alford and has reconsidered these factors for the purposes of this motion. (*See* Sentencing Tr.) The nature and circumstances of Alford's crimes are serious. Alford was convicted of conspiracy to distribute five or more kilograms of cocaine and conspiracy to distribute fifty kilograms or more of marijuana. (DE 62 at 1.) Further, Alford has an extensive criminal history that includes additional drug trafficking offenses, drug possession, and possession of a firearm. (PSR ¶¶ 22-38.) Indeed, Alford was on supervised release when he committed the instant offenses. (*Id.* ¶ 28.) Alford's drug trafficking offenses alone suggest that he poses a continued danger to the safety of the community. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community."). Based upon the record before it, the Court cannot find that Alford would not pose a danger to the community if he were to be released.

The guideline term of imprisonment for Alford, as established under the sentencing guidelines, was 240 months. (PSR ¶ 65.) Alford was initially sentenced to 240 months of imprisonment, but his sentence was later reduced to 204 months of imprisonment. (DE 62 at 2; DE 137 at 1-2.) To date, Alford still has over seven years of his term remaining to serve. Considering the need for Alford's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is simply not appropriate.

To the extent that Alford asserts that FCI Forrest City Low is not adequately protecting prisoners from COVID-19 infections (*see* DE 152 at 2, 5-7), this may be viewed as

a request for release based upon the Eighth Amendment's prohibition against cruel and unusual punishment. Such a claim is not proper on a motion for compassionate release. Instead, a request for release on constitutional grounds is properly brought as a claim for habeas relief under 28 U.S.C. § 2241 because such claim "challenge[s] the fact or extent of [the defendant's] confinement by seeking release from custody." *Wilson v. Williams*, 961 F.3d 829, 837 (6th Cir. 2020).

Further, this Court has no authority to grant Alford's request to serve the remainder of his sentence on home confinement. (DE 152 at 1.) The BOP is the entity that has the authority to designate the place of a prisoner's imprisonment, not the Court. 18 U.S.C. § 3621(b); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015).

### III.

Accordingly, in consideration of the Section 3553(a) factors and for the reasons stated in this opinion, it is not appropriate to order Alford's release at this time. The Court hereby ORDERS that Defendant Johnie Jay Alford's motion for compassionate release (DE 152) is DENIED.

Dated April 09, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY