# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>JOHNIE JAY ALFORD,<br>    Defendant. | CRIMINAL ACTION NO. 5:14-77-KKC<br><br><br>**OPINION AND ORDER** |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on defendant Johnie Alford's motion for appointment of counsel and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (DE 185.)[1] In support of its position, the Government submitted pertinent medical records to the Court. (DE 190.) The Government requests these documents be sealed, and Alford does not object. (DE 189.) For the following reasons, the Court grants the motion to seal but denies Alford's motion to reduce his sentence.

On January 12, 2015, Alford pleaded guilty to conspiracy to distribute cocaine and conspiracy to distribute marijuana. (DE 15; DE 62 at 1.) This Court initially sentenced Alford to 240 months of imprisonment on February 24, 2016. (DE 62 at 1-2.) On June 25, 2019, Alford's sentence was reduced to 204 months of imprisonment by an amended judgment. (DE 137 at 1-2.) Alford's projected release date is January 21, 2029, and he is currently incarcerated at FCI Yazoo City Low. Alford has previously moved for compassionate release twice. (DEs 146, 152.) His request was denied each time. (DEs 149, 164.)

---

[1] A motion for an extension of time to file a response (DE 187) is also pending. Alford has not objected. The Court will proceed by granting the motion for an extension of time and consider the response (DE 188) timely.

1

Alford argues his motion should be granted because of alleged abuse he suffered while incarcerated at USP McCreary. For the following reasons, Alford's motion is denied.

## I.

"The right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Moreover, "every federal court of appeals . . . has agreed that there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings." *United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021). The Court entered judgment against Alford on February 24, 2016. (DE 62.) The Sixth Circuit subsequently affirmed the Court's judgment. (DE 79.) As a result, Alford no longer has a right to court-appointed counsel. As such, the Court will deny Alford's request to appoint counsel.

## II.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons ("BOP") filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2002). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . " 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Government acknowledges that Alford has properly exhausted his administrative rights. (DE 188 at 2.)

## III.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."

2

18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

The statute does not define what "extraordinary and compelling" means. The commentary to the policy statement issue by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides guidance; however, the Sixth Circuit has determined the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on their own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in § 1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Instead, courts exercise "full discretion" to determine whether a defendant has demonstrated extraordinary and compelling reasons for release. *Jones*, 980 F.3d at 1111.

Here, Alford argues that instances of abuse he suffered while incarcerated present extraordinary and compelling reasons which warrant a sentence reduction. More specifically, Alford alleges he was subjected to abuse by a corrections officer and another inmate while at USP McCreary between January 2024 and April 2024. The Government does not affirmatively deny the allegations as it is currently investigating the matter. For the purposes of Alford's motion at this stage, however, the Government does contest the credibility of Alford's allegations based on Alford's inconsistent chronology and lack of supporting statements or information related to the alleged abuse.

The Court finds that inconsistencies in Alford's claims regarding the alleged abuse and a lack of supporting evidence are fatal to his position. Alford states in his affidavit that he suffered a series of assaults in late March of 2024 by another inmate while incarcerated at USP McCreary. (DE 185 at Page ID# 761–64.) BOP records indicate, however, that Alford

3

was transferred to FCI Yazoo at the beginning of March of 2024. (DE 188 at Page ID# 814.) Thus, it appears that Alford was not present in the facility where he claims the alleged abuse occurred at the time he claims it happened. Alford also claims in his affidavit that a corrections officer sexually abused him at USP McCreary. As an exhibit to his motion, Alford attaches an email from his wife sent to BOP director Colette Peters. The email claims that Alford has "multiple affidavits, names of witnesses etc," who can testify "to the horrors he suffered at the hands of staff members and other AICs at FCC McCreary." (DE 185 at Page ID# 766.) Troublingly, however, no affidavits, statements, or witnesses are cited in Alford's motion that could corroborate his allegations. Taken together, Alford's allegations at this stage do not warrant a finding that extraordinary and compelling reasons exist which would warrant a sentence reduction.

Alford cites an unreported case from the United States District Court for the District of Montana for support. *United States v. Matta*, No. CR 21-22-BLG-SPW, 2024 U.S. Dist. LEXIS 51657 (D. Mont. Mar. 22, 2024). Alford argues that *Matta* stands for the proposition that abuse suffered by a defendant while incarcerated constitutes an extraordinary and compelling reason for early release. The nature of Alford's abuse allegations, however, are different than that of the defendant's in *Matta*. In *Matta*, the Government took "no position" regarding whether the defendant's alleged abuse constituted an extraordinary and compelling reason for early release. *Id*. at *4. With "an absence of any evidence or information to the contrary," the court found for the defendant. *Id*. In the present case, the Government *does* contest the credibility of Alford's abuse allegations. And the Government has pointed to information that supports the Court's finding that Alford's allegations at this stage do not warrant a finding that extraordinary and compelling reasons exist. Thus, *Matta* is distinguishable and does not support Alford's position.

4

## IV.

Even if the Court were to find that Alford presents extraordinary and compelling reasons which warrant relief, it must still consider whether the Section 3553(a) factors support the requested relief. *Jones*, 980 F.3d at 1103. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     B. to afford adequate deterrence to criminal conduct;
>     C. to protect the public from further crimes of the defendant; and
>     D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> (3) the kinds of sentences available.

18 U.SC. § 3553(a)(1)-(3). The Section 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors thoroughly and extensively at Alford's sentencing, reconsidered them for Alford's two previous motions for compassionate release, and revisited those factors again for this motion. There has been no change in circumstances which would disrupt the Court's prior evaluation of these factors. Nonetheless, the Court will reiterate that the nature and circumstances of Alford's crimes are serious. Alford was convicted of conspiracy to distribute five or more kilograms of cocaine and conspiracy to distribute fifty kilograms or more of marijuana. (DE 62 at 1.) Further, Alford has an extensive criminal history that includes additional drug trafficking offenses, drug possession, and possession of a firearm. (PSR ¶¶ 22-38.) Indeed, Alford was on supervised release when he committed the

offenses he is now incarcerated for. (*Id.* ¶ 28.) Alford's drug trafficking offenses alone suggest that he poses a continued danger to the safety of the community. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community."). The Court commends Alford for participating in the Residential Drug Abuse Treatment program while incarcerated. Based upon the current record, however, the Court cannot find that Alford would not pose a danger to the community if he were to be released. Thus, Alford remains a danger to his community and the Section 3553(a) factors do not support his release.

## V.

For all these reasons, the Court HEREBY ORDERS that

1. the defendant's motion for appointment of counsel and compassionate release (DE 185) is DENIED;

2. the Government's motion for an extension of time to file a response (DE 187) is GRANTED; and

3. the Government's motion to seal (DE 189) is GRANTED.

This 6th day of December, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY