# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL ACTION NO. 5:14-77-KKC** |
| **Plaintiff,** | |
| **v.** | **OPINION AND ORDER** |
| **JOHNIE JAY ALFORD,** | |
| **Defendant.** | |

*** *** ***

This matter is before the Court on defendant Johnie Alford's motion for reconsideration (DE 197) as to his previous motion for compassionate release (DE 185) under 18 U.S.C. § 3582(c)(1)(A). The Court denied his motion. (DE 193.) For the following reasons, the Court will deny his motion for reconsideration.

Alford moves the Court to reconsider its decision on his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). "[C]ourts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *United States v. Guzman*, No. 5:16-cr-41, 2019 U.S. Dist. LEXIS 157625 at *3-4, 2019 WL 4418015 at *2 (E.D. Ky. Sept. 16, 2019) (citation and quotation marks omitted). A court may only grant a Rule 59(e) motion if the moving party shows (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

To appropriately frame the issue here, Alford argues only that newly discovered evidence lends support to his original motion. In his original motion, Alford sought a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), commonly referred to as the compassionate release

1

statute. The compassionate release statute permits this Court to "reduce the term of imprisonment" and also to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The Court may grant this relief only if it finds (1) "extraordinary and compelling reasons warrant" a reduction, (2) the reduction is consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the reduction is consistent with applicable sentencing factors set forth in 18 U.S.C. § 3553(a). § 3582(c)(1)(A)(i).

Under step one, Alford argued that instances of abuse by a corrections officer and another inmate while at USP McCreary between January 2024 and April 2024 presented extraordinary and compelling circumstances. The Court, however, found those allegations insufficient, in part, because of inconsistencies in Alford's claims regarding the abuse. Particularly, the Court found it troubling that BOP records indicated "that Alford was not present in the facility where he claims the alleged abuse occurred at the time he claims it happened." (DE 193 at 4.)

In his motion for reconsideration, Alford presents new evidence which purports to show that he was at the facility where he claims the alleged abuse occurred at the time he claims it occurred. Alford presents an "inmate history quarters" chart which seemingly confirms Alford's chronology. (DE 196 at Page ID# 966.) Even if the Court were to credit Alford's version of events based on this new evidence, however, his motion for compassionate release must still be denied. Put plainly, Alford is not eligible for a sentence reduction under

---

[1] The Sixth Circuit previously held that in cases involving inmate-filed motions for compassionate release, "federal judges [could] skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). Given the Sentencing Commission's amendment of § 1B1.13, effective November 1, 2023, judges no longer have full discretion to disregard the Policy Statement in inmate-filed motions for compassionate release. *See United States v. Elvir*, No. 3:19-CR-208-TAV-JEM-5, 2024 WL 4829715, at *2–3 (E.D. Tenn. Nov. 19, 2024).

steps two or three of the compassionate release statute even if the Court credits his new evidence. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) ("district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others[.]").

Under step two, "a court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Jones*, 980 F.3d at 1107 (citation and quotation marks omitted). As amended, § 1B1.13(b)(6) states "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when a defendant's victimization in custody constitutes extraordinary circumstances. The policy statement explains that a defendant's victimization in custody "must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." § 1B1.13(b)(6).

In this case, the misconduct alleged by Alford has not been established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding. Moreover, Alford does not allege that such proceedings have been unduly delayed or that he is in imminent danger. Accordingly, the Court finds that a sentence reduction would not be consistent with applicable policy statements issued by the Sentencing Commission. *Jones*, 980 F.3d at 1107.

Under step three, the Court considers whether the Section 3553(a) factors support the requested relief. *Jones*, 980 F.3d at 1103. The Court considered the Section 3553(a) factors thoroughly and extensively at Alford's sentencing, reconsidered them for each of Alford's three motions for compassionate release, and revisited those factors again for this motion. There has been no change in circumstances which would disrupt the Court's prior evaluation of these factors. Nonetheless, the Court reiterates that the nature and circumstances of

Alford's crimes are serious. Alford was convicted of conspiracy to distribute five or more kilograms of cocaine and conspiracy to distribute fifty kilograms or more of marijuana. (DE 62 at 1.) Moreover, Alford has an extensive criminal history that includes additional drug related offenses and possession of a firearm. (PSR ¶¶ 22-38.) Indeed, Alford was on supervised release when he committed the offenses he is now incarcerated for. (*Id.* ¶ 28.) Alford's drug trafficking offenses alone suggest that he poses a continued danger to the safety of the community. *See United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[D]rug trafficking is a serious offense that, in itself, poses a danger to the community."). Therefore, based upon the current record, the Court finds that Alford remains a danger to his community and the Section 3553(a) factors do not support his release.

For all these reasons, the Court hereby ORDERS that Alford's motion for reconsideration (DE 197) as to the Court's order on his previous motion for compassionate release (DE 193) is DENIED.

February 13, 2025

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY